```
UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOSEPH QUARTUCCIO,

                        Plaintiff,         MEMORANDUM & ORDER
                                           11-CV-1404(JS)(WDW)
        -against-

MARK LESKO, Supervisor of the Town of
Brookhaven, Board of Assessment Review
of the Town of Brookhaven, JAMES RYAN,
Assessor of the Town of Brookhaven,
JAMES RYAN, as an Individual,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:     Robert J. Zysk, Esq.
                   Office of Robert J. Zysk
                   629 Route 112, Suite 2
                   Patchogue, NY 11772

For Defendants:    Paul F. Millus, Esq.
                   Snitow, Kanfer, Holtzer & Millus, LLP
                   575 Lexington Avenue
                   New York, NY 10022
```

SEYBERT, District Judge:

Plaintiff Joseph Quartuccio ("Plaintiff") commenced this action on March 23, 2011 against the Board of Assessment Review of the Town of Brookhaven, Mark Lesko as the Supervisor of the Town of Brookhaven, James Ryan as an Assessor of the Town of Brookhaven and in his individual capacity (collectively, the "Brookhaven Defendants"), and the Attorney General of the State

of New York[1] pursuant to 42 U.S.C. § 1983 asserting due process and equal protection violations arising out of an allegedly incorrect and illegal tax assessment of his property in East Patchogue, New York.  Plaintiff seeks injunctive and monetary relief.  Presently before the Court is the Brookhaven Defendants' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons set forth below, the Brookhaven Defendants' motion is GRANTED, and Plaintiff's claims are DISMISSED for lack of subject matter jurisdiction.

BACKGROUND[2]

Plaintiff is the owner of real property located in the Town of Brookhaven at 341 Durkee Lane, East Patchogue, New York (the "Property").  (Compl. ¶ 9.)  He asserts that from January 1, 2009 through the present, the Town of Brookhaven incorrectly assessed the Property.  (Compl. ¶ 9.)  Specifically, he asserts that Defendant Ryan, the tax assessor, determined that the Property's living space was 8,100 square feet of living space, when, in reality, it was only 5,337 square feet of living space (Compl. Ex. B) and that he applied the wrong use categories

---

[1] All claims against the Attorney General of the State of New York were voluntarily dismissed by the Plaintiff. (Docket Entry 9.)

[2] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

(Compl. ¶ 13(a)). Plaintiff asserts that these errors were "maliciously, intentionally and falsely calculated and concocted" and resulted in a "factually false and illegal real property tax assessment." (Compl. ¶ 9.)

Plaintiff contested his tax assessment at a tax certiorari proceeding (Index No. 09/32457). Plaintiff asserts that the Brookhaven Defendants made "false representations" to the Court during the course of these proceedings. (Compl. Ex. C; see also Compl. ¶ 13(d).) The Complaint is void of any allegations regarding the resolution of the tax certiorari proceeding; however, Plaintiff's opposition to Defendants' motion states that the action is "pending under appeal." (Pl. Opp. ¶ 10.)

On March 23, 2011, Plaintiff commenced the present action asserting violations of: (1) New York's real property tax laws; (2) the Constitution of the State of New York; (3) the civil rights law of the State of New York; (4) the U.S. Constitution; (5) New York penal law; and (6) 42 U.S.C. § 1983. (Compl. ¶ 12.) In terms of relief, Plaintiff seeks: (1) an injunction restraining the Brookhaven Defendants from further violating the tax laws and Plaintiff's constitutional rights; (2) an order directing the Brookhaven Defendants to correct Plaintiff's tax assessment; (3) $500,000 in compensatory

damages; (4) punitive damages; and (5) reasonable attorneys' fees. (Compl. at 11-12.)

The Brookhaven Defendants filed their answer on May 13, 2011 (Docket Entry 7) and moved for judgment on the pleadings on July 27, 2011 (Docket Entry 13). They seek dismissal on two grounds: <u>First</u>, they assert that the Tax Injunction Act, 28 U.S.C. § 1341, and principles of comity divest the Court of subject matter jurisdiction; and <u>second</u>, they assert that Plaintiff's constitutional claims fail to state a claim upon which relief can be granted. Additionally, the Brookhaven Defendants argue that Plaintiff's claims against the individual Defendants are barred by the doctrine of qualified immunity.

<u>DISCUSSION</u>

I. <u>Standard of Review</u>

The standard for evaluating a motion for judgment on the pleadings, pursuant to Rule 12(c), is the same as the standard for a motion to dismiss under Rule 12(b). <u>See</u> <u>Karedes v. Ackerley Grp., Inc.</u>, 423 F.3d 107, 113 (2d Cir. 2005). In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles," <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009). First, although the Court must accept all

4

allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris, 572 F.3d at 72 (alteration in original) (quoting Ashcroft, 129 S. Ct. at 1949). Second, only complaints that state a "plausible claim for relief" can survive Rule 12(b)(6). Id. Determining whether a complaint does so is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

II. Subject Matter Jurisdiction

The Court will first address the issue of subject matter jurisdiction because "absent authority to adjudicate, the Court lacks a legal basis to grant any relief, or even consider the action further." Macagna v. Town of E. Hampton, No. 09-CV-3064, 2010 WL 3257729, at *4 (E.D.N.Y. Aug. 16, 2010); see also Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) ("Determining the existence of subject matter jurisdiction is a threshold inquiry . . . ."); Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001) ("[B]efore deciding any case we are required to assure ourselves that the case is properly within our subject matter jurisdiction."). Because the Court ultimately finds that it lacks subject matter jurisdiction over Plaintiff's claims, it will not address the other defenses raised.

A.   Applicability of the Tax Injunction Act

Defendants assert that, pursuant to the Tax Injunction Act (the "Act"), 28 U.S.C. § 1341, the Court lacks subject matter jurisdiction over Plaintiff's claims. "The Tax Injunction Act bars federal injunctive challenges to state tax laws in federal courts." Kraebel v. N.Y. City Dep't of Hous. Pres. & Dev., 959 F.2d 395, 400 (2d Cir. 1992) (citing Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 105, 102 S. Ct. 177, 70 L. Ed. 2d 271 (1981)). It provides that: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.

Even though the Act only expressly divests district courts of jurisdiction over actions seeking injunctive relief, its underlying principles of comity also bar court consideration of "a declaratory judgment action challenging the constitutionality of state tax laws," Kraebel, 959 F.2d at 400 (citing Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 297, 63 S. Ct. 1070, 87 L. Ed. 1407 (1943)), and actions for damages under § 1983 challenging the constitutionality of a state tax, see Fair Assessment, 454 U.S. at 116; Long Island Lighting Co. v. Town of Brookhaven, 889 F.2d 428, 431 (2d Cir. 1989), so long as "a plain, adequate, and complete remedy may be

6

had in state court," Long Island Lighting Co., 889 F.2d at 431 (citing Fair Assessment, 454 U.S. at 116).[3]

Here, all of Plaintiff's claims fall within the purview of the Act or its principles of comity. Plaintiff's cause of action asserting violations of New York's Real Property Tax Law seeking to enjoin the Town of Brookhaven from collecting taxes based on the allegedly unlawful assessment is exactly the type of action contemplated by the Act. See Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 522, 101 S. Ct. 1221, 67 L. Ed. 2d 464 (1981). Plaintiff does not dispute that the Court does not have jurisdiction to hear this claim. (See Pl. Opp. ¶ 7.)

Plaintiff's constitutional claims fair no better. Plaintiff argues that the Act does not apply because he "does not contest State Law but, rather, alleges that State Law has not been applied to [P]laintiff equally." (Pl. Opp. ¶ 11.) But it is well-settled that "in a damage action pursuant to section 1983 alleging that in administering a tax the state has violated a party's constitutional rights, principles of comity require the federal court to dismiss the claim." Moore v. Trippe, 743 F. Supp. 201, 210 (S.D.N.Y. 1990) (emphasis added); see also

---

[3] The Second Circuit has held that "[t]here is 'no significant difference' between the 'plain, speedy and efficient' standard set forth in the Tax Injunction Act and the 'plain, adequate, and complete' standard governing comity." Long Island Lighting Co., 889 F.2d at 431 (quoting Fair Assessment, 454 U.S. at 116 n.8).

7

Wells v. Malloy, 510 F. 2d 74, 76 (2d Cir. 1975) (holding that "invocation of the Civil Rights Act does not suffice to create an exemption from 28 U.S.C. § 1341").[4]

Therefore, the Court lacks subject matter jurisdiction over Plaintiff's claims so long as he can assert his federal rights in state court. See Fair Assessment, 454 U.S. at 116.

B. Availability of State Court Remedies

The Court finds that New York provides several remedies that afford Plaintiff an opportunity to raise all of his constitutional objections related to the assessment of his property. "First, [Plaintiff] may, in a declaratory judgment action under New York C.P.L.R. [] 3001 and New York Gen. Mun. Law § 51, assert [his] challenges to the constitutionality of the assessor's methodology." Long Island Lighting Co., 889 F.2d at 431 (emphasis added). Second, Plaintiff may and in fact is attacking the validity of the tax assessment in an article 7 proceeding. Id. at 431-32. And finally, Plaintiff may assert his § 1983 claim for damages in a civil action filed in state

---

[4] Plaintiff also appears to abandon his claim arising out of the alleged violation of New York Penal Law. (See Pl. Opp. ¶ 7 (stating that the causes of action alleged in his Complaint are all pursuant to § 1983).) Either way, the claim is dismissed as Plaintiff has failed to state a claim: He has set forth no authority to support his assertion that a private right of action exists to enforce the rights allegedly created by the applicable sections of the Penal Law. See Christian v. Town of Riga, 649 F. Supp. 2d 84, 91 (W.D.N.Y. 2009) (collecting cases applying New York law).

court.  Id. at 432-33.  Therefore, since Plaintiff has multiple adequate state remedies available, the Court is divested of subject matter jurisdiction, and Plaintiff's claims must be dismissed.  See Kraebel, 959 F.2d at 400 (noting that the Second Circuit has "reviewed the remedies available under New York State procedures to challenge real property tax assessments claimed to be improper, and concluded that they were, indeed, 'adequate'"); Terminello v. Vill. of Piermont, No. 08-CV-1056, 2009 WL 3496615, at *2 (S.D.N.Y. Oct. 28, 2009) (same); Macagna, 2010 WL 3257729, at *7 (same).

## CONCLUSION

For the foregoing reasons, the Brookhaven Defendants' motion for judgment on the pleadings is GRANTED, and Plaintiff's claims are DISMISSED for lack of subject matter jurisdiction. The Clerk of the Court is directed to mark this matter closed.

SO ORDERED

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

DATED:   November  22 , 2011
         Central Islip, New York